### DANIEL McM. MARSHALL *et al.*

*v.*

### THEODORE S. KARL, Administrator, etc.

WITNESS—*competency of, under act of* 1867. In an action on a promissory note, where the plaintiff sued an administrator of a deceased person, a question arising as to what constituted the consideration of the note, a person who acted as agent of the deceased in the transactions out of which the consideration arose, was allowed to testify as to his understanding of what the consideration was: *Held*, that one of the defendants who was a surety on the note, and was present during such transactions, and who testified he knew what was the consideration of the note, was a competent witness, under the second clause of section 2 of the act of 1867, to testify to the same point.

APPEAL from the Circuit Court of Henderson county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. STEWART & PHELPS, for the appellants.

Mr. JOHN J. GLENN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action before a justice of the peace, on a promissory note executed by the defendants to the plaintiff's intestate, Martha Karl, deceased.

It appears that Martha Karl had made a charge before one Richey, a justice of the peace, against David Trimble, one of the makers of the note, of bastardy, and before justice Froelich, another charge that he had attempted to procure an abortion. This, by our statute, is a felony. Laws of 1867, p. 89. Trimble was arrested on both these charges, and on the execution of notes to the amount of $300 or $400, payable to Martha Karl, of which this in suit was one, the prosecutions were dismissed.

It appears that Mr. Rice acted as the agent of Martha Karl, the deceased, in settling the matter, and it became a question, what was the real consideration of the notes. Was it that the bastardy suit only should be dismissed, or that and the abortion case also? Mr. Rice testified fully as to his understanding on this point.

Marshall, one of the sureties, and one of the defendants in the action, was then called as a witness for the defense, who testified that he was present during the entire negotiation for the settlement of the cases at the time the note was given, being the same time to which Mr. Rice had testified, and that he knew what was then agreed on as the settlement of the two cases, and knew what was the consideration of the note; and being called on by the defense to state what the consideration was, and what took place during the negotiation testified to by Mr. Rice, the plaintiff objected, and the court refused to allow Marshall to testify on that subject. An exception was taken to this ruling, and it is to this alone we have directed our attention.

The fact that Mr. Rice was the agent of deceased, acting as such in the whole matter, and allowed to testify fully in regard to it, opened the door to the testimony of either defendant,

14—60TH ILL.

and made them competent witnesses under the second clause of section 2 of the act of 1867. Session Laws 1867, p. 183. That clause is as follows: "When, in such action, suit or proceeding, any agent of any deceased person shall, in behalf of any person or persons suing or being sued, in either of the capacities above named, (executor, administrator, etc.) testify to any conversation or transaction between such agent and the opposite party, or party in interest, such opposite party or party in interest may testify concerning the same conversation or transaction."

The very case' contemplated by this clause arose, and we are at a loss to perceive why the testimony of Marshall was rejected. The agent of the deceased had testified fully as to conversations, and to a transaction in which his intestate was interested, and equally so was the defendant Marshall. Common justice demanded he should be allowed to testify in relation to the same subject, and the statute allowed him to testify.

Rejecting Marshall's testimony was error, and for the error the judgment must be reversed and the cause remanded.

*Judgment reversed.*